PER CURIAM.
Appellant, Frederich Zanders (“defendant”), appeals his conviction contending that the trial court failed to determine whether he knowingly, intelligently and voluntarily waived his right to be present at a sidebar conference where peremptory challenges were exercised. We agree and reverse.
Immediately after voir dire was completed, defense counsel asked for a moment, and there was a pause in the record. During this gap in the record, jury selection occurred at a sidebar conference at which defense counsel exercised several peremptory challenges. The jury was then seated when the parties went back on the record.
After reviewing the transcripts of the proceeding, the record does not reflect whether the defendant waived his right to be present at the sidebar conference. Moreover, the trial court did not inquire into the defendant’s waiver, or his ratification of the jurors challenged by his attorney.
The defendant has a constitutional right to be present at all crucial stages of trial where his absence might compromise the fairness of the proceedings. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Rose v. State, 617 So.2d 291 (Fla.), cert. denied, 510 U.S. 903, 114 S.Ct. 279, 126 L.Ed.2d 230 (1993). Because the record is void of any evidentiary showing that the defendant had an opportunity to discuss the jury selection procedure with his attorney, we reverse and remand for a new trial. See Turner v. State, 530 So.2d 45 (Fla.1988), cert. denied, 489 U.S. 1040, 109 S.Ct. 1175, 103 L.Ed.2d 237 (1989); Francis v. State, 413 So.2d 1175 (Fla.1982). The second issue raised on appeal is without merit.
Reversed and remanded for new trial.
GERSTEN and GREEN, JJ., concur.